UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALFREDO ROCA,

    Plaintiff,

v.                                           Case No.: 6:22-cv-1997-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

# OPINION AND ORDER

Plaintiff Alfredo Roca seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the Commissioner's Decision**

        **A.**    **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The Commissioner must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the Commissioner must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the Commissioner must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the Commissioner finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the Commissioner must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the Commissioner must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C. Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on February 2, 2020, alleging disability beginning September 30, 2019. (Tr. 67, 215-16). The application was denied initially and on reconsideration. (Tr. 67, 109).

Plaintiff requested a hearing and on November 9, 2021, a hearing was held before Administrative Law Judge Thurman Anderson ("ALJ"). (Tr. 33-52). On January 10, 2022, the ALJ entered a decision finding Plaintiff had not been disabled from September 30, 2019, through the date of the decision. (Tr. 17-27).

On September 1, 2022, the Appeals Council denied Plaintiff's request for review. (Tr 1-5). Plaintiff began this action by Complaint (Doc. 1) filed on October 31, 2022, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 9).

### D.     Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2024. (Tr. 19). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 30 2019, the alleged onset date. (Tr. 19). At step two, the ALJ found that Plaintiff had the following severe impairment: "loss of visual efficiency." (Tr. 19). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (Tr. 21).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant has no near acuity, far acuity, depth perception, accommodation, color vision, and no field of vision in the left eye; and he must avoid concentrated exposure to hazards including working in high exposed places and proximity to moving vehicles and mechanical parts.

(Tr. 22).

At step four, the ALJ determined that Plaintiff was not capable of performing his past relevant work as a mechanic, tubing assembler and cleaner, and precision assembler. (Tr. 25). At step five, the ALJ found that considering Plaintiff's age (60 years old on the alleged disability onset date), education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 25-26). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

(1) dining room attendant, DOT[1] 311.677-018, medium, unskilled, SVP 2

(2) counter supply worker, DOT 319.687-010, medium, unskilled, SVP 2

(3) kitchen helper, DOT 318.687-010, medium, unskilled, SVP 2

(Tr. 26). The ALJ concluded that Plaintiff was not under a disability from September 30, 2019, through the date of the decision. (Tr. 26-27).

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

## II. Analysis

On appeal, Plaintiff raises three issues:

(1) Whether the Appeals Council properly rejected the additional evidence submitted;

(2) Whether the ALJ provided an adequate analysis of the factor of supportability when evaluating the persuasiveness of various medical opinions; and

(3) Whether the ALJ provided adequate rationale when considering the consistency of the opinions from state agency physicians with evidence from Dr. Dillon Smith and other treating sources.

(Doc. 14, p. 13, 20, 24).

### A. Additional Evidence Submitted to Appeals Council

Plaintiff argues that the Appeals Council erred in denying review of the ALJ's decision based on the additional evidence submitted to it. (Doc. 14, p. 14). On January 25, 2022, Plaintiff submitted an additional record from optometrist Dillon Smith, O.D. dated February 8, 2022. (Tr. 13). The purpose of this additional record was to explain his prior Vision Medical Source Statement submitted to the ALJ from July 2021. (Tr. 13, 531-32). Plaintiff argues that this additional medical evidence would have changed the ALJ's RFC assessment, which provided no limitations for Plaintiff's right eye. (Doc. 14, p. 15).

"'With a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process,' including before the Appeals Council." *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015)

(quoting *Ingram v. Comm'r of Soc., Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir.2007)). Under new regulations effective in 2017,[2] the Appeals Council will review a case when it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5); 20 C.F.R. § 416.1470(a)(5). New evidence is chronologically relevant if it relates to the period on or before the date of the ALJ's decision. *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309 (11th Cir. 2018). "Evidence is material if 'there is a reasonable possibility that the new evidence would change the administrative outcome.'" *Atha*, 616 F. App'x at 936. The new regulation added an additional requirement that the Appeals Council "will only consider additional evidence under paragraph (a)(5) of this section if you show good cause for not informing us about or submitting the evidence as described in § 416.1435…." 20 C.F.R. § 404.970(b); 20 C.F.R. § 416.1470(b).

If the ALJ's decision is contrary to the weight of the evidence – including the new evidence – then the Appeals Council must grant the petition for review. *Hargress*, 883 F.3d at 1309 (citing *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d

---

[2] In 2016, 20 C.F.R. § 404.970 was amended, effective January 17, 2017, but with compliance not required until May 1, 2017. *See* 81 Fed. Reg. 90987, 90996 (Dec. 16, 2016).

780, 784 (11th Cir. 2014)). But the Appeals Council need not give a detailed explanation or further address each piece of new evidence individually. *Id.*

In the Vision Medical Source Statement, Dr. Smith included diagnoses for a corneal transplant rejection in the left eye, corneal ulcer in the right eye, and macular cyst in the right eye. (Tr. 531). He determined Plaintiff's prognosis was his vision will be poor unless PKP (penetrating keratoplasty or a corneal transplant) was repeated and even then, his vision "still might not improve." (Tr. 531). Dr. Smith described Plaintiff's vision as follows: reduced vision in the left eye due to failed PKP and limited to hand movements; and reduced vision in the right eye due to corneal ulcer scarring and macular cyst, with vision reduced to 20/70 in the right eye. (Tr. 531). He also found Plaintiff was not legal to drive due to decreased vision. (Tr. 531).

Dr. Smith further found, among other things, that Plaintiff could rarely perform work activities involving: near acuity, far acuity, depth perception, accommodation, color vision, field of vision, and night vision. (Tr. 531-32). He also found Plaintiff would have trouble seeing a computer, could look at a computer monitor for 1-2 hours, but would have difficulty seeing what was on the screen. (Tr. 532). Dr. Smith found Plaintiff's ability to work would be challenging for all distance and near tasks because of reduced vision in both eyes. (Tr. 532).

In the RFC, the ALJ limited Plaintiff by noting that he had no near acuity, far acuity, depth perception, accommodation, color vision, and no field of vision in the left eye, but included no restrictions as to the right eye. (Tr. 22). After summarizing Dr. Smith's opinion, the ALJ found this opinion not persuasive because Dr. Smith's records showed Plaintiff's best corrected vision in the right eye was 20/70 before the alleged onset date and 20/40 and 20/50 since that time, and other providers found full visual fields and best corrected visual acuity between 20/30 and 20/70 in the right eye with no surgical intervention necessary. (Tr. 25).

After the unfavorable decision, Plaintiff requested Dr. Smith to complete a subsequent form to explain his opinions in the Vision Medical Source Statement, specifically his finding that Plaintiff could perform certain work activities rarely. (Tr. 13). First, Plaintiff requested that Dr. Smith explain what was likely to happen to Plaintiff's vision in his right eye if he exceeds the limitations for work activities, in areas such as near acuity, far acuity, depth perception, accommodation, color vision, field of vision, and night vision. (Tr. 13). Dr. Smith responded, "[f]ar acuity with current Rx will decrease when Mr. Roca exceeds limitation. He has no depth perception due to being monocular. Night vision will significantly be reduced because he is monocular." (Tr. 13).

Plaintiff next asked Dr. Smith to address the reasons why the ALJ found his opinions in the Vision Medical Source Statement not persuasive. Dr. Smith

responded, "Mr. Roca's current vision prohibits him from driving and in conjunction with the scarring and macular cyst, Mr. Roca's vision can significantly fluctuate throughout the day limiting tasks he is able to perform at a consistent level." (Tr. 13).

The Appeals Council acknowledged that Plaintiff submitted this additional evidence. (Tr. 2). It found, "this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence." (Tr. 2). Because the Appeals Council denied review on this ground, the Court will focus on this prong of the analysis. Basically, the Appeals Council determined that this additional evidence was not material. The Court disagrees.

Plaintiff asserts that Dr. Smith explained that Plaintiff's far acuity in the right eye would decrease when Plaintiff exceeds his limitations. (Doc. 14, p. 16). Plaintiff argues that the ALJ failed to consider that Plaintiff's vision might fluctuate throughout the day and the additional evidence further supports this fluctuation. (Doc. 14, p. 17). In the decision, the ALJ noted Plaintiff's right eye corrected visual acuity fluctuated from 20/70 in August 2019, to 20/40 and correctable to 20/30 in June 2020, and 20/40 in January 2021. (Tr. 23). But the ALJ was not citing these fluctuations to show that Plaintiff's vision would fluctuate throughout the day. Rather, the ALJ cited these fluctuations to support his finding that Dr. Smith's opinion was unpersuasive because Dr. Smith noted that Plaintiff's best corrected

vision was 20/70, not 20/30. (Tr. 25, 531). As Dr. Smith explained, because Plaintiff's left eye had extremely limited vision and his right eye also had limited vision at times due to corneal ulcer scar tissue and a macular cyst, Plaintiff would be unable to see consistently well throughout the day, would be limited in the tasks he could perform, and would be unable to perform tasks at a consistent level. (Tr. 13). The RFC contained no limitations as to the right eye. Thus, there is a reasonable possibility that this additional explanation from Dr. Smith would change the ALJ's consideration of the RFC limitations and the administrative outcome. Accordingly, remand is warranted.

### B.     Persuasiveness of Opinions

The second and third issue both challenge the ALJ's persuasiveness findings for the opinions of Dr. Smith and the State agency reviewers. Rather than deciding these issues, because this action is remanded on other grounds that may affect the remaining issues, on remand, the Commissioner is directed to reconsider the persuasiveness of the medical opinions of record.

### III.    Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider the medical evidence of record and Plaintiff's RFC, along with all the medical and other evidence of

record. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 15, 2024.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties